UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TOWING AND RECOVERY PROFESSIONALS
OF LOUISIANA TRUST, ET AL.

VERSUS

LUCIEN BURKETT

CIVIL ACTION

NO. 11-732-JJB

CONSOLIDATED WITH

TOWING AND RECOVERY PROFESSIONALS
OF LOUISIANA TRUST, ET AL.

VERSUS

DENHAM SPRINGS HOLDINGS, LLC,
D/B/A PERFORMANCE INSURANCE
SERVICES, ET AL.

CIVIL ACTION

NO. 11-740-JJB

**RULING AND ORDER**

This matter is before the court on motions (docs. 12 and 21) filed by Lucien Burkett and Denham Springs Holdings, LLC, d/b/a Performance Insurance Services ("Performance"). Both motions are opposed by Frank McGee, in his capacity as trustee of the TRPLT unsecured Creditors' Trust ("UCT"). There is no need for oral argument.

Towing and recovery professionals (the "Participants") joined in the Towing and Recovery Professionals of Louisiana Trust (the "TRPLT"). Lucien Burkett served as the Executive Director of the TRPLT, under the supervision of the TRPLT Board of Trustees.[1] The TRPLT was formed as an alternative to traditional liability insurance, providing a

---

[1] The members of the TRPLT Board of Trustees being, Carol Buckley, William Rudy Smith, Steven Evans, James W. Holden, Jr. David Paul Feske, Sr. Rickey Marie, Shelton Lee Rogers, Glenn Faul, Gary E. Varnado, Sr., and Theodore Maxie Magnon, Sr.

1

means of coverage for towing, auto liability and other claims against its members. The Trust was funded through premiums paid by the participants.

The TRPLT filed for Chapter 11 bankruptcy in 2010. A plan for liquidating its assets was approved and a confirmation order was signed on February 28, 2011, effective March 15, 2011. The Plan provided for creation of the TRPLT Unsecured Creditor's Trust ("UCT") and Frank McGee was appointed as Trustee for the UCT. Shortly before the Plan was confirmed, the TRPLT filed separate adversary proceedings against Fred Burkett and Performance. The adversary actions involve state law claims for breach of fiduciary and contractual duties and claims for excess and authorized payments allegedly made to Performance, Burkett and insurance broker BAIG.

Under the Confirmed Plan, the UCT acquired the right to collect re-assessments from members of the TRPLT and to pursue certain causes of action, including a putative class action suit filed in October of 2010, in the 19th Judicial District Court, *Roadrunners Towing and Recovery, Inc., etc. v. Lucien Burkett, et al.*, Suit No. 595553. The state court action was filed on behalf of the Participant class against Burkett and the Trustees of the TRPLT, seeking damages for negligence and breach of fiduciary duties, including refund of premiums and return of any profits.

As to both adversary proceedings, the parties have agreed that the reference to the bankruptcy court should be withdrawn in the wake of the **Stern**[2] case. Accordingly, the court ordered the reference withdrawn in both cases and this is no longer at issue.

The first issue raised by the motions to dismiss or abstain presently before the court

---

[2] **Stern v. Marshall**, 131 S.Ct. 2594 (2011).

2

pertains to subject matter jurisdiction.  Burkett contends that the court lacks jurisdiction because the proceeding is non-core (as it arises under state law independent of bankruptcy law) and because the proceeding was instituted post-confirmation.  The court disagrees.  While Judge Dodd stated his intention to confirm the plan on February 11, 2011, it was not actually confirmed until after submission of the order.  It is clear that both adversary proceedings were brought prior to that time.[3]  Additionally, McGee persuasively argues that some of the claims (Counts VI and VII) arise under bankruptcy law.  For the reasons more fully stated by McGee in his opposition, the court finds that it has jurisdiction.

The second issue is whether mandatory[4] or discretionary abstention should be invoked by the court.  Because these proceedings involve non-core matters, abstention is ultimately a matter of this court's discretion.

Based on the following factors, the court will permissively abstain from all of the claims except those made in Counts VI and VII (to recover avoidable transfers made to Burkett in violation of §548, §550 and §551).  As to the other claims; the court finds that the state court action was brought prior to these proceedings; the claims in both forums involve state law issues which essentially stem from the same operative facts; all of the

---

[3] See, **In re Craig's Stores of Texas**, 266 F.3d 388 (5th Cir. 2001). However, this is not a bright line rule but rather one tempered upon whether there is a "close nexus" to the bankruptcy plan; after a plan is confirmed "related to" jurisdiction becomes more and more attenuated and disputes are generally more likely to be left to the state courts.  See, **In re Stonebridge Technologies, Inc.**, 430 F.3d 260 (5th Cir. 2005).   As the saying goes, there comes a time when the "chick must leave the nest."

[4] Under § 1334(c)(2), the court must abstain over non-core, state law claims "related to" a case under title 11, when there is a state court action that where the claims can be adjudicated timely. Mandatory abstention applies when there is no independent basis for jurisdiction; the claims are non-core; the state court action encompasses the claims and it can adjudicate these matter timely. **In re Gober**, 100 F.3d 1195 (5th Cir. 1996).

parties are either involved in the state court proceedings or they can be made party to those proceedings; the only forum that can effectively entertain all of these claims is the state court; and there is a strong possibility of inconsistent results should the matters proceed in separate forums.  Additionally, the state law issues predominate and there is a jury demand in state court action.  McGee's argument that this court has exclusive jurisdiction over "property" of the estate overlooks the fact that the avoidance claims are inchoate at this time.  This court has already abstained in other proceedings involving these same issues, D.J. Enterprise, Inc. of Gretna v. Towing and Recovery Professionals, Civil Action No. 11-683.

Accordingly, the motions (docs. 12 and 21) to dismiss for lack of subject matter jurisdiction are DENIED; the motions (docs. 12 and 21) to abstain are GRANTED as to all claims other than Counts VI and VII in 11CV732-JJB, which are hereby STAYED pending resolution of the state court proceedings.

Baton Rouge, Louisiana, October 16, 2012.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA